FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 AUG 23 AM 11: 34
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ELLA M. ANDRADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-104 |
| | ) | |
| STATE COURT OF RICHMOND | ) | |
| COUNTY, or Responsible Party, and JAN | ) | |
| S. HARDY, Court Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* and has been granted permission to proceed *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.  BACKGROUND

Plaintiff names the State Court of Richmond County and Jan S. Hardy, Court Administrator, as Defendants in her complaint.[1] (Doc. no. 1, p. 1.) Plaintiff alleges that she

---

[1] The Court notes that Plaintiff has also filed a separate complaint stating identical facts and attempting to bring a variety of claims against Sheriff Ronald Strength. See Andrade v. Strength, CV 112-103, doc. no. 1 (S.D. Ga. July 25, 2012). The Court has

was involved in an altercation with James Jones, an ex-boyfriend, in November of 1987, and that the results of that altercation were that James Jones was arrested, Plaintiff's daughter was temporarily removed from Plaintiff's custody, and Plaintiff was charged with a felony for criminal damage to property despite having never been arrested in connection with the incident. (Id. at 3-5.) Plaintiff alleges that, because of that charge, she has been fired from numerous jobs, is presently unable to find employment, and feels "black-listed." (Id. at 5-6.) Plaintiff further appears to attempt to connect that charge to her state of homelessness, an incidence of stolen identity, money being taken from two of her bank accounts, a major car accident, and an inability to fund and receive major surgery at a time when she was dying. (Id. at 6.) Plaintiff alleges that she did not become aware of the felony charge until September of 2011, nearly twenty-five years after the 1987 incident (Id. at 5.) Plaintiff further asserts that "there has been no due process ever." (Id. at 6.) Included with the submitted complaint are Plaintiff's criminal history report as well as a letter from the Office of the District Attorney in Augusta, Georgia, both of which show that Plaintiff was never convicted of any crime and that the felony charge was, in fact, first reduced to a misdemeanor and then, on May 5th, 1988, dismissed. (Id. at 14, 16.)

At no point in the statement of her claim does Plaintiff mention Defendant Jan S. Hardy, nor does she explain Defendant Hardy's alleged involvement in the events described and Plaintiff's ensuing injuries. Plaintiff does briefly mention the State Court of Richmond County, but does so only to note that she was fired from her job with the clerk's office at the Richmond County Courthouse, and also to demand, without further explanation, that the

---

addressed that complaint in a separate Report and Recommendation. See id., doc. no. 6.

Richmond County Courthouse pay her 12.5 million dollars in relief. (Doc. no. 1, pp. 6-7.)

In her request for relief, Plaintiff asserts that she "never knew that [she] had been charged as a convicted felon - or - by the state for criminal trespass." (Id. at 7.) She requests that the Richmond County Courthouse and the Richmond County Sheriff's Office pay her a sum that can be construed as a combination of both compensatory damages, presumably for her lost income and the money she paid to the Georgia Bureau of Investigation for expungement, and punitive damages. (Id.)

## II. DISCUSSION

### A. Failure to State a § 1983 Claim Against Jan S. Hardy

First, Plaintiff fails to state a valid claim under § 1983 against Defendant Jan S. Hardy. That is, while Plaintiff names Defendant Hardy in the caption of her complaint, she does not assert any allegations of wrongdoing regarding Defendant Hardy in the body of her complaint, and in fact does not mention her name anywhere in her statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity

3

how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any causal connection between Defendant Hardy's actions and any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against Defendant Hardy. Plaintiff's claims against Defendant Hardy are subject to dismissal on this basis alone.

### B. State Court of Richmond County Immune to Suit

The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added); see also Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). As to Plaintiff's claims against the State Court of Richmond County, it is well-settled that a state court is not a "person" subject to suit under § 1983. See Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988) (*per curiam*); see also Rolle v. Raysor, No. 407-CV-285, 2007 U.S. Dist. LEXIS 67437, at *3 (N.D. Fla. Sept. 7, 2007) (dismissing claims against multiple judicial circuits because they were not subject to suit under § 1983); Moity v. La. State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La. 1976) (holding that state courts are not "persons" subject to suit under § 1983), *aff'd* 537 F.2d 1141 (5th Cir. 1976).[2] Accordingly, Plaintiff's claims against the State Court of Richmond County fail to state a valid claim under § 1983 as a matter of law.

### C. Claims Against Defendants Time-Barred by Statute of Limitations

Even if Plaintiff had mentioned Defendant Hardy in her statement of the claim, even

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

4

if the State Court of Richmond County was not immune to suit, and even if Plaintiff had properly alleged a violation of a federal right against either Defendant, any such federal claim would be barred by the statute of limitations. Plaintiff's claims stem from a November 1987 event during which she was allegedly deprived of certain rights and denied due process. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injury alleged in her complaint, that she was charged with a felony, when the injury occurred in 1987. A person with a "reasonably prudent regard for [her] rights" would have been aware of the disposition of the 1987 incident: namely, that the charge had been made, was reduced to a misdemeanor, and was subsequently dismissed. The fact that Plaintiff was allegedly made aware of the fact of that charge in September 2011 during a job interview does not negate the fact that it *should have* been apparent to her many years before that interview. Plaintiff cites employment difficulties dating back to at least 2002, and should have at the very latest discovered the existence of the charge at that point, assuming that her employment difficulties did indeed relate to the charge as

5

alleged. (Doc. no. 1, p. 5.) Plaintiff's claims are thus subject to dismissal as time barred.

## III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of August, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE